UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
LEXINGTON

| | | |
|---|---|---|
| KEVIN IPINA-GARCIA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | No. 5:21-cv-143-REW-MAS |
| v. | ) | |
| | ) | ORDER |
| DAVID GREEN, | ) | |
| Defendant. | ) | |

\*\*\* \*\*\* \*\*\* \*\*\*

On May 25, 2021, Petitioner Kevin Ipina-Garcia filed a § 2254 petition for a writ of habeas corpus. *See* DE 1 (Petition). Ipina-Garcia, convicted of state law crimes in the Kentucky court system, alleged two violations: that state law enforcement violated his *Miranda* rights (through an ineffectively translated warning) and that the state trial court erred in imposing costs on him, a claimed indigent defendant. *Id.* at 5-7. Defendant David Green responded to the petition, *see* DE 125 (Response), and the petition was submitted to United States Magistrate Judge Matthew A. Stinnett for review.

Accordingly, Judge Stinnett entered a recommended disposition. *See* DE 13. Judge Stinnett recommended the Court deny Ipina-Garcia's petition, that the matter be dismissed with prejudice, and that no certificate of appealability be issued. *Id.* at 11. Neither Ipina-Garcia nor Green have filed any objections to Judge Stinnett's recommendation. The Court has reviewed the full record and finds Judge Stinnett's disposition entirely proper. He recognized and applied the applicable AEDPA statutory filter (per 28 U.S.C. § 2254(d)(1)(as to law) and (d)(2)(as to facts)). Further, he viewed the matter through the deferential prism of *Harrington v. Richter*, 131 S. Ct. 770, 786

(2011). He also perceived and applied the state procedural bar on the unlitigated complaint over the levied fine. Critically, his plenary treatment stands without opposition.

The Court is not required to "review . . . a magistrate[ judge]'s factual or legal conclusions, under a de novo or any other standard, when neither party objects to those findings." *Thomas v. Arn*, 106 S. Ct. 466, 472 (1985); *see also Berkshire v. Dahl*, 928 F.3d 520, 530 (6th Cir. 2019) (noting that the Sixth Circuit has "long held that, when a defendant does 'not raise [an] argument in his objections to the magistrate[ judge]'s report and recommendation . . . [he] has [forfeited] his right to raise this issue on appeal.'" (alterations in original) (quoting *Kensu v. Haigh*, 87 F.3d 172, 176 (6th Cir. 1996))); *United States v. Olano*, 133 S. Ct. 1770, 1777 (1993) (distinguishing waiver and forfeiture); Fed. R. Crim. P. 59(b)(2)–(3) (limiting de novo review duty to "any objection" filed); Fed. R. Civ. P. 72(b); 28 U.S.C. § 636(b)(1) (limiting de novo review duty to "those portions" of the recommendation "to which objection is made").

The motion made no substantial showing of the denial of a constitutional right. The result is not fairly debatable, by reasonable jurists, as to the substantive merits or application of a plain procedural bar. No certificate of appealability will issue because the criteria of § 2253(c)(2) stand unmet.

Thus, with no objection from any party and on full review of the record, the Court **ORDERS** as follows:

1. The Court **ADOPTS** DE 13;
2. The Court **DENIES** DE 1, Ipina-Garcia's §2254 petition, **WITH PREJUDICE**, and no certificate of appealability will be issued and;
3. The Court **STRIKES** this matter from its active docket.

This the 23rd day of March, 2023.

Signed By:
*Robert E. Wier* /s/ REW
**United States District Judge**